UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VICTORY'S DAWN, INC., *et al.*,

    Plaintiffs,

v.

CLARENCE ANICHOLAS CLEMONS III *et al.*,

    Defendants.

Civil Action No. 21-9744 (MAS) (TJB)

**ORDER**

    This matter comes before the Court on two motions from Plaintiffs Victory's Dawn, Inc., Gayle Morrison, and William Clemons Jr.'s (collectively, "Plaintiffs"). The first is a Motion for Default Judgment against Defendants Clarence Anicholas Clemons III ("Nick") and Big Man's West LLC ("BMW," and together with Nick, "Defendants"). (ECF No. 32.) The second is a renewed Motion for Contempt against Defendants (ECF No. 38.) As is typical for their conduct in this case, Defendants did not respond to either motion. The Court has carefully reviewed Plaintiffs' submission and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons set forth in the accompanying Memorandum Opinion and other good cause shown,

    **IT IS**, on this 12th day of August 2022, **ORDERED** as follows:

1. Plaintiffs' Motion for Default Judgment (ECF No. 32) is **GRANTED**.

2. Plaintiffs' Motion for Contempt (ECF No. 38) is **GRANTED**.

3. Under section 6(c) of the trust agreement, until Clarence A. Clemons's ("Clemons") youngest son reaches the age of twenty-five, Plaintiffs own all Clemons's name and likeness, or similar intangible rights; those rights are descendible under New Jersey law; and all decisions regarding such rights shall be made in the sole and absolute discretion of Plaintiffs including, without limitation, the decision on whether to exploit or not to exploit the rights as set forth in the Trust document.

4. Until Clemons's youngest son reaches the age of twenty-five, Defendants, their officers, agents, servants, employees, attorneys, and all other persons who are in

active concert or participation with them, are permanently enjoined from: (a) using any reproduction, counterfeit, copy, or colorable imitation of the trademarks BIG MAN'S BREW, BIG MAN'S WEST, BIG MAN'S MANAGEMENT MUSIC & PROMOTIONS and BIG MAN'S BLAZED BAKED GOODS (collectively, the "BIG MAN Marks") or indicia of the name or likeness of the Clemons (the "Clemons Indicia") to identify any goods or the rendering of any services not authorized by Plaintiffs; (b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Plaintiffs' business reputation or weaken the distinctive quality of the BIG MAN Marks or the Clemons Indicia; (c) using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods or services as being those of Plaintiffs or sponsored by or associated with Plaintiffs and from offering such goods or services in commerce; (d) further infringing Plaintiffs' rights by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products or services not authorized by Plaintiffs bearing the BIG MAN Marks or any other Clemons Indicia or any simulation, reproduction, counterfeit, copy or colorable imitation of the name and/or likeness of Clemons; (e) using the Clemons Indicia or any simulation, reproduction, counterfeit, copy or colorable imitation of the name and/or likeness of Clemons in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products or services in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Clemons or to any goods or services sold, manufactured, sponsored or approved by, or connected with the Plaintiffs; (f) representing to any third party that Defendants own or control any rights in and to the BIG MAN Marks or any other Clemons Indicia; (g) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products or services manufactured, distributed, sold or offered for sale by Defendants are in any way associated or connected with Clemons or Plaintiffs, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs; (h) engaging in any conduct constituting an infringement of any of the Clemons Indicia and/or name and/or likeness of Clemons, or of Plaintiffs' rights in, or to use or to exploit, said Clemons Indicia and/or name and/or likeness, or constituting any weakening of Clemons's or the Plaintiffs' name, reputation or goodwill; (i) using or continuing to use the Clemons Indicia and/or name and/or likeness of Clemons or any variation thereof on the internet (either in the text of a website, as a domain name, or as a key word, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Plaintiffs; (j) hosting or acting as Internet Service Provider for, or operating any websites, that offer for sale any products or services bearing the BIG MAN Marks or other Clemons Indicia; (k) using any email addresses to offer for sale any nongenuine products or services bearing the BIG MAN Marks or other Clemons Indicia; (l) having any connection whatsoever with any websites that offer for sale any

       merchandise or services bearing the BIG MAN Marks or other Clemons Indicia; (m) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products or services which infringe the BIG MAN Marks or the Clemons Indicia; and (n) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (n).

5. Judgment shall be entered against Defendants in the amount of **$55,823**, comprising (1) $7,019.40 for fees associated with Plaintiffs' first contempt motion, (2) $1,500 for fees associated with Plaintiffs' second contempt motion, and (3) $47,303.60 for fees associated with otherwise litigating this case.

6. Judgment shall be entered against Defendants in the amount of **$7,500** in contempt fines arising from the Court's February 17, 2022 contempt order. Fines shall be payable to Clerk, United States District Court.

7. Plaintiffs shall serve a copy of this Order and the accompanying Memorandum Opinion on Defendants by **August 19, 2022**.

8. On receipt of service of this Order, Defendants shall jointly and severally pay $500.00 per day to the Clerk of Court for the United States District Court for the District of New Jersey until the earlier of the date of Defendants' compliance with the May 24, 2021 order or thirty days from Defendants' receipt of this Order. If Defendants fail to comply within thirty days, Plaintiffs shall notify the Court via e-filed correspondence.

9. This Court shall retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.[10]

---

[10] The Court advises Plaintiffs that any further substantive filings should be short letter submissions, absent good cause. Should the Court require longer submissions, it will advise the parties accordingly.

18

10. The Clerk shall close this case.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE