**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTORY'S DAWN, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CLARENCE ANICHOLAS CLEMONS III *et al.*, <br><br> Defendants. | Civil Action No. 21-9744 (MAS) (TJB) <br><br> **SUPPLEMENTAL MEMORANDUM ORDER** |

    This matter comes before the Court on Plaintiffs Victory's Dawn, Inc., Gayle Morrison, and William M. Clemons Jr.'s (collectively, "Plaintiffs") informal application for additional attorneys' fees (the "Application"). (ECF No. 40.) There, Plaintiffs seek approximately $13,000 in additional fees for work performed throughout this litigation. The Court has carefully reviewed Plaintiffs' submission and decides the matter without oral argument under Local Civil Rule 78.1.

    By way of background, on August 12, 2022, the Court issued a final judgment against Defendants that awarded roughly $55,000 in fees to Plaintiffs (the "Fees Judgment"). That award comprised three categories for which Plaintiffs had previously moved: (1) over $7,000 for their first motion for contempt, (2) $1,500 for their second motion for contempt, and (3) over $47,000 for fees otherwise associated with litigating this case. (Aug. 12, 2022 Order 2, ECF No. 42.) Nevertheless, Plaintiffs' Application indicates that they have incurred additional fees throughout this litigation, including (among other line items) fees from an attorney who has not appeared in

this case, fees further associated with their second contempt motion, and other fees that appear to stem from management of the trust.[1] (*See* Pls.' Application Exs. 2, 4, ECF Nos. 40-2, -4.)

The Court declines to award Plaintiffs' counsel additional fees. The Court has discretion under the Lanham Act to award counsel fees where, as here, Defendants have engaged in willful misconduct. *Castrol Inc. v. Pennzoil Co.*, 799 F. Supp. 424, 441 (D.N.J. 1992) (citations omitted). In exercising that discretion, the Court must be mindful that "the awarding of an attorney fee is a judicial action" and that "a court need not lend its imprimatur to an inappropriate order merely because there was no objection to its entry." *J.L. v. Harrison Twp. Bd. of Educ.*, No. 14-2666, 2017 WL 1954535, at *2 (D.N.J. May 11, 2017) (quoting *McKenna v. City of Philadelphia*, 582 F.3d 447, 459 n.13 (3d Cir. 2009)). That's especially true here where the relief sought is non-monetary only, and Defendants have not appeared or objected to Plaintiffs' fees. Indeed, absent the Court's diligence in cases where defendants have refused to appear, it could serve as the bankroller in chief for litigating plaintiffs. *Accord Spooner v. EEN, Inc.*, 644 F.3d 62, 69 (1st Cir. 2011) ("We do not mean to imply that, once a party prevails in a case that falls within the compass of a federal fee-shifting statute, the sky is the limit with respect to a request for attorneys' fees. If the requested fees are gluttonously high, a court has discretion to deny fees entirely." (collecting cases)).

Plaintiffs' Application stirs up these concerns. As the Court's August 12, 2022 Memorandum Opinion made clear, this case was neither difficult nor complex. To the contrary, it involved a straightforward application of the Lanham Act to plain acts of Defendants' infringement. Showcasing just how clear-cut this case was, Plaintiffs did not seek monetary or punitive damages and instead sought a simple declaration that mirrored the language of the trust

---

[1] The Court cannot meaningfully review several of Plaintiffs' billing records because of Plaintiffs' redactions.

2

agreement and an injunction to stop the infringing conduct. Indeed, as Plaintiffs themselves have pinpointed, discovery in this case has been largely unnecessary because of Defendants' ongoing refusal to participate in this lawsuit. (*See* Pls.' Default J. Mot. Br. 14, ECF No. 32-1 ("Defendants['] refusal to participate in the litigation is currently preventing Plaintiffs from proving monetary damages through discovery.").) All this to say that this is not the case for an exorbitant or ongoing fee award.

This concern is not merely hypothetical. Plaintiffs' Application seeks fees for work that the Court has already compensated. For example, the Fees Judgment awarded Plaintiffs $1,500 in fees for its second contempt motion based on Plaintiffs' representation that $1,500 was the correct figure. (*See* Pls.' Second Contempt Mot. 3, ECF No. 38 ("Plaintiffs seek an order finding Defendants in contempt of the Contempt Order and awarding . . . $1,500 in additional legal fees for drafting this letter motion.").) Plaintiffs buttressed that figure with supporting documentation. (*See* Decl. of Brett Van Benthysen ¶ 2, ECF No. 38-6 ("Plaintiffs' attorneys' fees total $1,500.").) Yet, Plaintiffs' Application now seeks more fees for that same work. (*See* Pls.' Application Ex. 2 (seeking, among other work, $1,700 in fees for "draft[ing]/revis[ing] letter motion to court concerning contempt and judgment"). *But see J.L.*, 2017 WL 1954535, at *4 (declining to award fees for work "that was entirely unwarranted in light of the procedural posture of the case" and "duplicative").) Similarly, Plaintiffs' Application seeks over $4,000 in fees for a hitherto unknown attorney that is not licensed in New Jersey. Most of the billing entries reflect work performed before Plaintiffs filed their motion for default judgment in January 2022. (*See, e.g.*, Pls.'

3

Application Ex. 4 (billing work performed in 2021).)[2] Yet Plaintiffs did not see fit to request remuneration for this work when asking for roughly $55,000 in fees and costs in litigating this case. Just as Plaintiffs thought it once unwise to seek those fees, so too does the Court think it unwise to award them now. It has already acceded to Plaintiffs' request for $55,000.

Plaintiffs' counsel has ably represented Plaintiffs in this action. But that representation does not entitle them to recovery for every conceivable fee, especially for such a straightforward case. The Court concludes that Plaintiffs' Application is unnecessary and unreasonable.

**IT IS THEREFORE**, on this 15th day of August 2022, **ORDERED** as follows:

1. Plaintiffs' Application (ECF No. 40) is **DENIED**.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] Other deficiencies plague Plaintiffs' Application. For one, it appears to seek compensation for double work. (*See, e.g.*, Pls.' Application Ex. 4 (listing identical entries for "[r]eview and comment on Summons and Complaint against Nick").) For another, several of the billing descriptions are hopelessly vague. (*See, e.g., id.* (billing "Attention to Assignment; e-mail to client" and "Attention to e-mail").) For a final, other billing entries suggest work performed for the trust outside this litigation. (*See, e.g., id.* (billing "Finalize Assignment of IP Rights").)

4